IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH RAY BAILEY,**

    **Plaintiff,**

    v.                                                           CASE NO.  20-3133-SAC

**TOPEKA POLICE DEPARTMENT, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Kenneth Ray Bailey is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff was in custody at the Shawnee County Jail in Topeka, Kansas ("SCJ") at the time of filing.  The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that he sustained two scrapes or abrasions on the right side of his face when he was arrested after a pursuit on October 4, 2019, by Topeka Police Officer Derek Child at a store in the Westridge Mall.  Plaintiff asserts that Officer Child did not activate his body camera until late in the pursuit.

Plaintiff names as Defendants:  the Topeka Police Department; Bill Cochran, Chief of the TPD; and Officer Child.  Plaintiff's request for relief seeks $20,000 for pain and suffering "due to no body cam view of how my injuries happened."  Doc. 1, at 5.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a

claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III.  DISCUSSION**

    **A.  Improper Defendant**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

The Topeka Police Department is not a proper defendant.  This defendant is subject to dismissal, as "'police departments . . . are not suable entities under § 1983, because they lack legal identities apart from the municipality.'" *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1186 (D. N.M. 2014) (quoting *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, 1992 WL 51481, at *2 (10th Cir. March 12, 1992)).

    **B.  Personal Participation**

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 n.4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff names the Chief of the Topeka Police Department as a defendant. However, he makes no claim that Chief Cochran personally participated in the alleged constitutional violation. As a result, Cochran is subject to dismissal from this action.

### C. Federal Constitutional Claim Requirement

As noted, in a § 1983 action, the complaint must specify "the violation of a right secured by the Constitutional and laws of the United States, and . . . that the deprivation was committed by a person acting under color or state law." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007). Plaintiff does not allege that any defendant violated the Constitution or federal law.

Plaintiff seems to base his claim on the fact that Officer Child did not activate his body camera at the beginning of the pursuit. There is no constitutional requirement that he do so. Even if there is a state statute or departmental policy that Child may have violated, "a violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

### D. Excessive Force

While Plaintiff does not cite a constitutional right, he does title his claim "Excessive Force." "Excessive force claims are cognizable under the Fourth, Fifth, Eighth, and Fourteenth

Amendment, depending on where in the criminal justice system the plaintiff is at the time of the challenged use of force." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1169 (10th Cir. 2021) (citation omitted). "When an 'excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment.'" *Id*. (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

"To state an excessive force claim under the Fourth Amendment, plaintiffs must show *both* that a seizure occurred and that the seizure was unreasonable." *Id*. (quoting *Bond v. City of Tahlequah*, 981 F.3d 808, 815 (10th Cir. 2020) (emphasis in original) (quotation marks omitted)). In assessing reasonableness, a court "looks at the facts and circumstances as they existed at the moment the force was used, while also taking into consideration the events leading up to that moment." *Id*. (quoting *Emmett v. Armstrong*, 973 F.3d 1127, 1135 (10th Cir. 2020)). The inquiry is an objective one, and one that considers the totality of the circumstances. *Id*. (citation omitted). Reasonableness is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id*. (quoting *Graham*, 490 U.S. at 396). "The right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion . . . to effect it." *Edwards v. City of Muskogee, Oklahoma*, 841 F. App'x 79, 83 (10th Cir. 2021) (unpublished) (quoting *Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010) (internal quotation marks omitted)). "Reasonableness does not require that officers use alternative or less intrusive means if the conduct is otherwise reasonable." *Arnold v. City of Olathe, Kansas*, Case No. 2:18-cv-02703-HLT, 2021 WL 3129408, at *8 (D. Kan. July 23, 2021) (citation omitted).

The Supreme Court in *Graham* outlined three factors that guide the reasonableness analysis: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate

threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Vette*, 989 F.3d at 1169 (quoting *Graham*, 490 U.S. at 396).

In evaluating the third factor, a court considers "whether the plaintiff was fleeing or actively resisting at the 'precise moment' the officer employed the challenged use of force." *Id*. (citation omitted). The Tenth Circuit has also held that "initial resistance does not justify the continuation of force once the resistance ceases." *McCoy v. Meyers*, 887 F.3d 1034, 1051 (10th Cir. 2018) (citations omitted).

Plaintiff refers to a pursuit occurring just prior to his arrest by Officer Child. He also describes his injuries as two scrapes or abrasions. Based on Plaintiff's factual allegations, he has not demonstrated that the use of force was unreasonable. Therefore, he has not stated a claim for the use of excessive force under the Eighth Amendment.

**IV.  Response Required**

For the reasons set forth, the Court directs Plaintiff to show cause why his Complaint should not be dismissed. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff is granted until **August 22, 2022,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated July 22, 2022, in Topeka, Kansas.**

s/ Sam A. Crow
**Sam A. Crow**
**U.S. Senior District Judge**